## SAPP & LYMAN v. AIKEN, UNDERWOOD & CO.

1. **Practice**: AGREEMENT OF ATTORNEY TO BIND CLIENT. No evidence of an agreement by an attorney is receivable to bind his client, except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court. (Code, § 213, subd. 2.)

2. **Continuance**: SURPRISE: PLEADINGS ALONE CONSIDERED. Where plaintiffs filed an amendment which so changed the issues as to entitle the defendants to a continuance upon the face of the pleadings, it was error to refuse such continuance on the ground that plaintiffs had informed defendants' counsel of the substance of the amendment in time for them to prepare to meet it; for defendants were under obligations only to prepare to meet the issues as made by the pleadings.

3. **Principal and Surety**: PAYMENT BY SURETY AS CONDITION TO ACTION AGAINST PRINCIPAL: WHAT IS SUFFICIENT. Where a surety makes his draft upon the principal debtor, and hands it to the creditor, and it is accepted by him in satisfaction of the debt, but the principal debtor refuses to honor the draft, and the surety is duly notified of that fact so as to become liable thereon, these facts amount to such payment by the surety of the original debt as to entitle him to maintain an action against his principal, though the surety may not have paid the debt.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, APRIL, 23,

PLAINTIFF brought this action originally to recover the amount of certain costs which had been taxed against defendants in a number of actions brought and prosecuted for them in the circuit court of the United States by plaintiffs, who are attorneys at law, and for which plaintiffs had become responsible as sureties on the cost bonds filed in the causes. Defendants are non-residents of this state, and the service of the original notice was by publication, the action being aided by attachment. At the term at which defendants were required to appear counsel appeared for them, and filed an answer, in which they denied the claim alleged in the petition. Plaintiffs then filed an amended and substituted

petition, in which they set up, in addition to the matters alleged in the original petition, a claim for services rendered by them in the prosecution of said actions in the circuit court of the United States. In answer to this claim defendants pleaded that said services were rendered under a written contract, by which the compensation which plaintiffs were to receive was fixed, and that the full amount so agreed upon had been received by them. To this answer plaintiffs filed a reply, which was a mere denial of its allegations. On the issue thus formed the parties went to trial.

After plaintiffs had introduced evidence tending to prove the value of the services rendered by them in said causes, they offered to prove that they were induced to enter into the written contract set up by defendants by the representation by them that the claims on which the actions were brought would not be controverted on their merits or as to the amounts thereof. Also that many of said claims were controverted, and that in some instances defendants were defeated entirely upon the trial of the causes, while in others they recovered much less than the amounts claimed. But the circuit court ruled that this evidence was not relevant to the issue as it then stood. Plaintiffs thereupon filed an amendment to the reply, in which they pleaded said facts in avoidance of the contract. Counsel for defendants then filed a motion for a continuance, and supported the same by his own affidavit, in which he swore that he was surprised by the claim made in the amended reply, and that he was not prepared for the trial of that issue, and that his clients, and the witnesses by whom he would be able to disprove the allegations of said reply, were all absent from the state. But the circuit court overruled the motion, and required the parties to proceed with the trial. There was a verdict and judgment for plaintiffs. Defendants appeal.

*Flickinger Bros.*, for appellants.

*Sapp & Pusey*, for appellees.

REED, J.—Plaintiffs filed the affidavit of one member of their firm in resistance of the motion for a continuance, in

**1. PRACTICE: agreement of attorney to bind client.** which the affiant swore that he informed defendants' counsel, before the amended and substituted petition was filed, that they had been induced to enter into said written contract by the representation by defendants that there was no defense on the merits to the claims on which said actions were brought in the circuit court of the United States, and that he intended to file an amended petition in which he would claim compensation for the services rendered in said causes at the regular rates, without regard to said contract, and that he inquired of the attorney whether he would be ready to try the cause at that term, and that he answered that he would. Also that he then agreed that he would not ask for a continuance on account of the filing of such amended petition. There is a conflict between the statements of this affidavit and some of those contained in the affidavit of defendants' attorney in support of the motion for continuance. Accepting its statements as true, however, in so far as it is receivable in evidence, we are of the opinion that, notwithstanding the showing made by it, the continuance should have been granted. Conceding that the attorney for defendants might have bound them by an agreement to try the cause at that term, notwithstanding an entirely new claim was made by the amended petition, the affidavit filed by plaintiffs was not receivable as evidence of such agreement. No evidence of an agreement by an attorney is receivable to bind the client " except the statement of the attorney himself, his written agreement signed and filed with the clerk, or an entry thereof upon the records of the court." Code, § 213, subd. 2.

Rejecting those statements of the affidavit, then, which tend only to prove an agreement by defendants' attorney to

**2. CONTINUANCE: surprise: pleadings alone considered.** try the cause at that term, and accepting the other statements, they prove simply that defendants had information that plaintiffs made a claim

that they had been induced to enter into the written contract
by a misrepresentation as to a material fact, and that it was
not binding upon them. But the pleadings contained no
allegations under which evidence of these facts would be
admissible. The agreement set up in the answer constituted
a complete defense to plaintiffs' claim; and, until some mat-
ter was pleaded which in law would constitute an avoidance
of it, defendants were not required to introduce other proof
than the contract itself. Until the matter in avoidance was
pleaded, they were not required to make preparation to meet
it. The witnesses by whose testimony (as was shown by the
affidavit in support of the motion) they could meet the claim
were beyond the state, and until the claim was pleaded they
could not have intelligently taken their evidence by deposi-
tion; and it would be unreasonable to require them to have
witnesses in attendance from such a distance to meet a claim
which had not yet been made in the pleadings. We are
aware that motions for continuance are addressed very largely
to the discretion of the trial court; but in the present case
we think there was an abuse of discretion.

II.   The evidence introduced on the trial shows that when
plaintiffs instituted the suits they signed the bonds given to
secure the costs as sureties. The costs which
were taxed to defendants in the actions belonged
to the clerk and the marshal. Plaintiffs drew
their draft on defendants for the amount of the
costs, and delivered it to the clerk, who credited
the amount on his books, and paid the marshal the amount of
the costs coming to him. The draft was duly presented to
defendants for payment, but they refused to pay it, and it was
protested, and notice thereof was given to plaintiffs, but they
had not paid the amount of the draft. The district court
instructed the jury that upon these facts defendants were lia-
ble to plaintiffs for the amount of said costs. Defendants
assign the giving of this instruction as error. It is urged
that plaintiffs' liability for said costs was as surety on the

*3. PRINCIPAL and surety: payment by surety as condition to action against principal: what is sufficient.*

bonds, and that they can have no claim on defendants for the amount until they have paid it. It is certainly true that the principal becomes liable to the surety for the amount of the debt only when the latter has paid it. But the delivery by plaintiff to the clerk of their draft for the amount of the costs was, in effect, a payment of the debt. They thereby undertook that they would pay the draft if defendants should refuse upon demand to pay it, and they were duly notified of such refusal. This undertaking was entirely independent of their agreement in the bond, and operated as a satisfaction of that agreement. The clerk accepted the draft as payment of the costs, and the liability of the defendants to answer to them for the amount is not different from what it would have been if the payment had been made in money.

Other questions are argued by counsel, but it is not necessary to consider them on this appeal.

For the error in overruling the motion for continuance the judgment will be reversed, and the cause remanded.

REVERSED.